UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BERNARD BAILEY, | ) |
| Plaintiff, | ) |
| VS. | ) No. 19-1197-JDT-cgc |
| RALPH DECKER, ET AL., | ) |
| Defendants. | ) |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On April 1, 2020, the Court issued an order dismissing Plaintiff Michael Bernard Bailey's *pro se* prisoner complaint and granting leave to amend. (ECF No. 9.) Bailey was warned that if he failed to file an amendment within twenty-one days, the Court would dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment. (*Id.* at PageID 63-64.)

Bailey has not filed an amended complaint, and the time within which to do so has expired. Therefore, this case is DISMISSED with prejudice in its entirety, and judgment will be entered in accordance with the April 1, 2020, order dismissing the original complaint for failure to state a claim. Bailey is assessed his second strike under § 1915(g).[1] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1763-64 (2015).

---

[1] *See Bailey v. Holloway, et al.*, No. 3:19-cv-00319-JRG-HBG (E.D. Tenn. Jan. 7, 2020) (dismissed for failure to state a claim).

The Court also must consider whether an appeal by Bailey in this case would be taken in good faith. The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Bailey would not be taken in good faith.

A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to use the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that if he files a notice of appeal and wishes to use the installment method for paying the $505 appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE